IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

J & J SPORTS PRODUCTIONS, INC.

                                        :

    v.                                  :    Civil Action No. DKC 15-0175

                                        :

BROMART, LLC

                                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Cable Act case is a motion for partial summary judgment filed by Plaintiff J & J Sports Productions, Inc. (ECF No. 11). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be granted.

**I.  Background**

The following facts are uncontested. Plaintiff "paid for and was thereafter granted the exclusive nationwide television distribution rights to the *Floyd Mayweather, Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program*[,] which telecast nationwide on Saturday May 5, 2012" ("the Broadcast"). (ECF No. 1 ¶ 8). Plaintiff entered into sublicensing agreements with commercial establishments, such as bars and restaurants, which purchased the rights to exhibit the Broadcast for their patrons. Defendant did not obtain a sublicense from Plaintiff. On the night of the Broadcast, an

investigator hired by Plaintiff witnessed Defendant charging patrons to enter its establishment to watch the Broadcast on two televisions. (ECF No. 1-1, at 2). Plaintiff alleges that, "[w]ith full knowledge that [the Broadcast] was not to be intercepted, received and exhibited by entities unauthorized to do so, . . . [Defendant] did unlawfully publish, divulge and exhibit [the Broadcast] . . . willfully and for the purposes of direct or indirect commercial advantage or private financial gain." (ECF No. 1 ¶ 11).

On January 21, 2015, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") commenced this action against Defendant Bromart, LLC t/a Sahara Oasis t/a Sahara Oasis Restaurant & Lounge, alleging three counts: violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 (unauthorized reception of cable services) and 605 (unauthorized publication or use of communications) (Counts I and II); and the Maryland common law tort of conversion (Count III). (ECF No. 1). Defendant answered the complaint on February 19, stating only that "Bromart, LLC[,] which is a limited liability company trading as Sahara Oasis[,] has been liquidated[,]" "[t]he company ceased operations effective June 30, 2014[,]" and "[t]here are no known assets." (ECF No. 6). On June 8, Plaintiff filed the pending motion for partial summary judgment

as to liability on the complaint's statutory counts.[1]  (ECF No. 11).  Defendant has not opposed the motion and the time in which to do so has passed.

## II.  Standard of Review

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir.2008).  Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir.2001).  Where, as here, the nonmoving party fails to respond, the requested relief may not automatically be granted.  *See* Fed.R.Civ.P. 56(e)(2).  Rather, the court must "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."  *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

---

[1] Plaintiff also asks for damages and attorney's fees in its motion, but provides no basis for its request in the attached memorandum of law.  Accordingly, Plaintiff's motion will be treated as requesting summary judgment as to liability only.

**III. Analysis**

Plaintiff seeks partial summary judgment on Counts I and II, which allege violations of the Communications Act under 47 U.S.C. §§ 553 and 605. "[S]ections 605 and 553 of 47 U.S.C. . . . are provisions of the Federal Cable Act that address different modalities of so-called 'cable theft.'" *J & J Sports Prods., Inc. v. Mayreal, LLC,* 849 F.Supp.2d 586, 588 (D.Md. 2012). Section 553 states that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C § 553(a)(1). Section 605 prohibits the unauthorized interception or receipt of certain "radio" communications, including "digital satellite television transmission." *Mayreal, LLC*, 849 F.Supp.2d at 588 n.3. Both statutes are strict liability statutes. *Joe Hand Promotions, Inc. v. Dock Street Enters., Inc.*, No. WMN-11-1973, 2011 WL 6141058, at *4 (D.Md. Dec. 8, 2011) (noting that section 553 "is a strict liability statute"); *see also* 47 U.S.C. § 605(e)(3)(C) (providing for liability without a finding of intent).

Plaintiff does not specify if Defendant intercepted the program through a cable or satellite system. Courts, including judges within this court, are split on the question of whether

the same conduct can violate both statutes. *Compare Dock Street*, 2011 WL 6141058 at \*4 (stating that "the statutes do not overlap"), *with J & J Sports Prods., Inc. v. Castro Corp*, No. 11-cv-00188-AW, 2011 WL 5244440, at \*3 (D.Md. Nov. 1, 2011) (noting that courts have found that the same "conduct violated both statutes").[2] At the pleading stage, a plaintiff need only allege that a business entity "intercepted and displayed the Program at its establishment, without authorization from [Plaintiff], on a particular date and at a particular time." *See, e.g., Joe Hand Promotions, Inc. v. Md. Food & Entm't, LLC*, No. CCB-11-3272, 2012 WL 5879127, at \*4 (D.Md. No. 19, 2012). In addition, this court has entered default judgment in nearly identical factual and procedural situations, finding that plaintiffs had established a violation of *either* § 553 *or* § 605. *See, e.g., J & J Sports Prods., Inc. v. Shiva Foods, Inc.*, No. PWG-14-2049, 2015 WL 2452421, at \*2 (D.Md. May 19, 2015); *J & J Sports Prods., Inc. v. AKC Restaurant, Inc.*, No. DKC-14-2931, 2015 WL 1531279, at \*2 (D.Md. Apr. 3, 2015); *J & J Sports Prods., Inc. v. Rumors, Inc.*, No. CCB-14-2046, 2014 WL 6675646, at \*2 (D.Md. Nov. 21, 2014). At summary judgment, courts generally expect the plaintiff to have utilized discovery to determine the specific method of interception. Here, however,

---

[2] It is clear, however, that a plaintiff cannot recover damages under both statutes. *See, e.g., J & J Sports Prods., Inc. v. Shiva Foods, Inc.*, No. PWG-14-2049, 2015 WL 2452421, at \*2 (D.Md. May 19, 2015); *Castro Corp.*, 2011 WL 5244440 at \*3.

Defendant has ceased operations, and Plaintiff counsel's repeated attempts to contact defense counsel have been unsuccessful. (*See* ECF No. 10). Defendant filed an answer, but did not contest the factual allegations of the complaint and attached affidavit. (*See* ECF No. 6). Defendant's cessation of operations and lack of responsiveness has precluded Plaintiff's further development of the record, beyond the investigator's affidavit, to show the exact method of interception. Because Defendant controls the relevant information, there appears to be no way, absent discovery, for Plaintiff to provide evidence showing how Defendant intercepted the broadcast. In addition, neither the record nor any of the cases addressing the interception of similar broadcasts indicate there is another way Defendant could have received the broadcast other than through a cable or digital satellite feed. Accordingly, the uncontested facts indicate that Defendant violated either § 553 or § 605 by showing the Broadcast without Plaintiff's authorization, and summary judgment as to liability is appropriate.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for partial summary judgment as to liability under the Cable Act will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
