IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J & J SPORTS PRODUCTIONS, INC. :
:
v. : Civil Action No. DKC 15-0175
:
BROMART, LLC :
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving alleged violations of the Communications Act of 1934 is a motion for monetary judgment filed by Plaintiff J & J Sports Productions, Inc. ("Plaintiff" or "J & J"). (ECF No. 15). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be granted in part and denied in part.

**I.  Background**

On January 21, 2015, Plaintiff commenced this action against Defendant Bromart, LLC t/a Sahara Oasis t/a Sahara Oasis Restaurant and Lounge ("Defendant" or the "establishment"). Plaintiff, an international distributor of sports and entertainment programming, alleged that it held exclusive distribution rights to the May 5, 2012 broadcast of *Floyd Mayweather, Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program* (the "Broadcast"), which Defendant

unlawfully intercepted and exhibited for its patrons.  On December 8, 2015, the court granted partial summary judgment in favor of Plaintiff on the issue of liability (ECF Nos. 12; 13), and Plaintiff now seeks monetary judgment in the amount of $150,000.00.

The facts of the case are uncontested.  Plaintiff "paid for and was thereafter granted the exclusive nationwide television distribution rights to the [Broadcast,] which [was] telecast nationwide on Saturday, May 5, 2012."  (ECF No. 1 ¶ 8). Plaintiff entered into sublicensing agreements with commercial establishments, such as bars and restaurants, which purchased the rights to exhibit the Broadcast for their patrons. Defendant did not obtain a sublicense from Plaintiff.

Robert Modzelewski, an investigator hired by Plaintiff, visited the establishment on the night of the Broadcast at approximately 11:45 p.m.  (ECF No. 15-3, at 1).  Mr. Modzelewski witnessed Defendant charging patrons a fee of $20.00 to enter the establishment.  Inside, he observed two televisions showing the Broadcast.  Mr. Modzelewski estimated that the establishment had capacity for approximately 80 people, and he observed between 15-20 people inside at various times.

Plaintiff's complaint alleges three counts: violations of 47 U.S.C. §§ 605 (unauthorized publication or use of communications) and 553 (unauthorized reception of cable

services) (Counts I and II); and the Maryland common law tort of conversion (Count III).  (ECF No. 1 ¶¶ 7-26).  Defendant answered the complaint, stating that it "has been liquidated" and "ceased operations effective June 30, 2014." (ECF No. 6, at 1).  According to Defendant, "[t]here are no known assets." (*Id.*).  Plaintiff moved for summary judgment on Counts I and II, which Defendant did not oppose.  (ECF No. 11).  The court granted Plaintiff's motion and entered partial summary judgment as to liability in favor of Plaintiff on Counts I and II.  (ECF Nos. 12; 13).[1]  Plaintiff filed the pending motion on February 9, 2016, requesting monetary judgment against Defendant on Counts I and II for $150,000.00.  (ECF No. 15).  Defendant has not responded in opposition, and the time in which to do so has passed.

## II. Standard of Review

Upon establishing a violation of § 605(a):

> Damages . . . shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
>
> (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable

---

[1] Plaintiff also asked for damages and attorney's fees in its motion, but provided no basis for its request in the attached memorandum of law. (*See* ECF No. 11-1). Accordingly, the court treated Plaintiff's motion as one for summary judgment as to liability only. (ECF No. 12, at 3 n.1).

3

> to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of the profit attributable to factors other than the violation; or
>
> (II) the party aggrieved may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just[.]

47 U.S.C. § 605(e)(3)(C)(i).  As this court has previously explained, "the statutory damages award that 'the court considers just,' 47 U.S.C. § 605(e)(3)(C)(i)(II), is an approximation of the damages actually incurred by [the plaintiff] due to [the defendant's] violation." *J & J Sports Prods. v. Mumford*, No. DKC-10-2967, 2012 WL 6093897, at *3 (D.Md. Dec. 6, 2012).

Furthermore, § 605(e)(3)(C)(ii) provides that "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court . . . may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation[.]"

> In determining whether enhanced damages are warranted, other courts in [the United States Court of Appeals for the Fourth Circuit] have looked to several factors: 1)

4

> evidence of willfulness; 2) repeated violations over an extended period of time; 3) substantial unlawful monetary gains; 4) advertising the broadcast; and 5) charging an admission fee or charging premiums for food and drinks.

*J & J Sports Prods., Inc. v. Quattrocche*, No. WMN-09-CV-3420, 2010 WL 2302353, at *2 (D.Md. June 7, 2010) (citations omitted).

**III. Analysis**

Plaintiff seeks statutory damages of $100,000.00 for the violation of § 605 and $50,000.00 for the violation of § 553. (ECF No. 15-2, at 2). Plaintiff cites to an unpublished opinion from the United States District Court for the Northern District of California in an attempt to show that "it is not unheard of for courts [] to award damages pursuant to both statutes." (ECF No. 15-2, at 5). As explained in numerous prior opinions from judges in this district, however, "plaintiffs cannot recover under both [§§ 605 and 553] for the same conduct and courts allow for recovery under § 605 as it provides for the greater recovery." *See, e.g.*, *Quattrocche*, 2010 WL 2302353, at *1 (citing *J & J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F.Supp.2d 469 (E.D.N.Y. 2009)). Accordingly, Plaintiff may recover, at most, $110,000.00, consisting of $10,000.00 in statutory damages, the maximum allowable under § 605(e)(3)(C)(i)(II), and $100,000.00 in enhanced damages, the maximum amount under § 605(e)(3)(C)(ii).

### A. Statutory Damages

In support of its request for statutory damages in this case, Plaintiff attaches the affidavit of Mr. Modzelewski, the private investigator, who paid a $20.00 entry fee and observed the Broadcast being played on two television sets inside the establishment on May 5, 2012. (ECF No. 15-3). The investigator estimated the establishment's capacity to be approximately 80 people. While inside, he counted the number of patrons three times and reported turnout to be 15, 18, and 20. The rate chart indicates that if Defendant had purchased a license, it would have paid $2,200.00 to exhibit the match in an establishment with capacity for 80 patrons. (*See* ECF No. 15-4). Accordingly, Plaintiff will be awarded statutory damages under § 605(e)(3)(C)(i) in the amount of $2,200.[2]

### B. Enhanced Damages

Plaintiff seeks enhanced damages under § 605(e)(3)(C)(ii), which authorizes "the court in its discretion . . . [to] increase the award of damages . . . by an amount of not more than $100,000 for each violation" of the provision. Here, the

---

[2] In its motion, Plaintiff conflates the analysis for calculating statutory damages with the enhanced damages award. In particular, Plaintiff argues for the maximum statutory damages because "the most important factor in assessing damages is the deterrent effect of that award." (ECF No. 12-2, at 6). Deterrence of future violations, however, "is properly addressed by an enhanced damages award." *Mumford*, 2012 WL 6093897, at *3 (citing 47 U.S.C. § 605(e)(3)(C)(ii)).

6

fact that Defendant intercepted and exhibited the Broadcast willfully and for direct or indirect commercial advantage cannot be doubted. "After all, '[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.'" *Joe Hand Promotions, Inc. v. Bougie, Inc.*, No. 109CV00590TSEIDD, 2010 WL 1790973, at *6 (E.D.Va. Apr. 12, 2010) (quoting *Time Warner Cable v. Googuies Luncheonette, Inc.*, 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999)). Defendant also charged an entry fee, although Plaintiff makes no allegation that Defendant's entry fee was exclusive to the night of the Broadcast. The record does not, however, indicate or even imply that Defendant actively promoted the Broadcast, charged any premiums for food or drinks, or repeatedly violated § 605 for commercial gain. Furthermore, it is undisputed that only 15-20 people patronized the establishment on the night of the Broadcast, barely a quarter of the establishment's full capacity.

"Where there are no allegations of repeat behavior or otherwise *egregious* willfulness warranting harsh punitive damages, courts in this Circuit have varied in awarding enhanced damages from no enhanced damages to up to five times the statutory damage amount." *Quattrocche*, 2010 WL 2302353, at *3 (emphasis added). Although judges in this district sometimes

award enhanced damages in factual and procedural circumstances similar to here, Judge Blake's recent analysis is persuasive:

> J & J has been on notice, at least since *Quattrocche* – which merely codified past judicial practice – that in a case of non-egregious willfulness it was not eligible to recover the maximum damages authorized by statute and that it could not recover damages under section 553, section 605, and conversion for the same conduct. Undaunted, J & J "has repeatedly filed motions seeking excessive damages in nearly identical cases, and the court has consistently addressed the limitations on damages for the same causes of action brought here." *J & J Sports Prods., Inc. v. Sabor Latino Rest., Inc.*, No. PJM-13-3515, 2014 WL 2964477, at *2 (D.Md. June 27, 2014). *In light of this recalcitrance, the court declines to award any enhanced damages.*

*J & J Sports Prods., Inc. v. Rumors, Inc.*, No. CCB-14-2046, 2014 WL 6675646, at *4 (D.Md. Nov. 21, 2014) (emphasis added). Moreover, since *Rumors*, J & J has made several unsupported requests for the maximum amount of enhanced damages in other cases in this district. *See, e.g., J & J Sports Prods., Inc. v. Mi Patio Rest., LLC*, No. DKC-15-1360, 2016 WL 1696554 (D.Md. Apr. 28, 2016); *J & J Sports Prods., Inc. v. El Rodeo Rest., LLC*, No. PJM-15-172, 2015 WL 3441995 (D.Md. May 26, 2015). "It is troubling that [J & J] continues to proceed without regard to the many opinions written on this issue." *Sabor Latino Rest.*, 2014 WL 2964477, at *2. The cases that Plaintiff cites from other districts granting enhanced damages do not outweigh the

8

repeated, clear direction that multiple judges in this district have given Plaintiff regarding damages. Accordingly, no enhanced damages will be awarded.

## IV. Conclusion

For the foregoing reasons, the motion for monetary judgment filed by Plaintiff will be granted in part and denied in part. Judgment will be entered for Plaintiff in the amount of $2,200.00. A separate order will follow.

>                  /s/
> DEBORAH K. CHASANOW
> United States District Judge